## ALEXANDER GRAY V. CASWELL BURK.

Where the Court has sufficiently instructed the jury upon the law of the case, it is proper to refuse instructions applicable to isolated facts, or parts of the evidence, which, though correct in point of law, would have the effect to give the matters to which they relate, an undue prominence in the minds of the jury.

See this case as to charging the jury upon the weight of evidence.

Where the matter in controversy was the ownership and identity of a three year old steer, which the defendant claimed he had purchased from a person who was proved to reside in the County, the plaintiff's counsel, in his closing argument to the jury, was commenting on the fact that the defendant had failed to call his vendor as a witness, and arguing that it was a powerful fact against him, when he was interrupted by the counsel for the defendant, who requested the Court to prevent such argument; but the Court refused, and defendant excepted. Held there was no error, as the unexplained omission by the defendant, to call his vendor to identify the steer, was undoubtedly a circumstance which admitted of an inference unfavorable to him.

Appeal from Cherokee. Tried below before the Hon. John H. Reagan.

Suit by appellee against appellant, in a Justice's Court, for detaining a red steer, marked split in each ear, three years old, of the value of fifteen dollars. Judgment for defendant, July 5th, 1856, on the verdict of a jury. There had been two previous trials, in which the jury failed to agree. *Certiorari* by plaintiff.

The steer in controversy was of a pale red color, with white on its back, flanks and belly ; was a yearling in the Spring of 1854 ; and was marked with a slit in each ear and an under-hack in the left ear ; there was, also, a small notch, about half as large as witness' finger nail, which was a large one, in the right ear.

The plaintiff had sold a white cow to one of the witnesses who lived at, or near, a place known as the Guin place, where witness' cattle ranged ; in 1853 witness let plaintiff have the cow back, and he drove her home ; she returned to the Guin place, and with her was a pale red steer. This was in the early part of the year 1854. The plaintiff's witnesses testified that this steer belonged to plaintiff ; that, at that time, it was marked with a slit in each ear, which was plaintiff's mark, and that it was the same steer now in controversy ; none of the witnesses could say positively that there was not, at that time, an underhack in the left ear ; one witness, who had not noticed it at first, did so afterwards, while in same range, but it was not stated how long afterwards ; and another witness, whose testimony the defendant endeavored to impeach by proof of inconsistent statements out of Court, testified that the dogs had torn the ears of the plaintiff's steer, and that he had cut them out to make them heal better, one deeper than the other.

The defendant's witnesses testified that defendant purchased the steer in controversy from Dr. Privitt, in December, 1853, with its mother ; that it ran in defendant's field for a couple of months, and was turned out, and left about grass rising in the Spring of 1854 ; and defendant saw nothing more of it until January, 1856, when he found it, and drove it home and put it in his field. Hearing soon afterwards that plaintiff was hunting a red steer, he told him to look at the one in his field, and plaintiff did so, and claimed the steer. Dr. Privitt's mark was a slit in each ear and an underhack in the left ear ; and the testimony was, that the steer was marked when defen-

dant bought it. There was some testimony, also, that plaintiff said, if the steer had any white on it, it was not his. One of the defendant's witnesses was his daughter, and another his son-in-law. The defendant was called as a witness, by plaintiff, and testified without objection. He stated his belief that the steer was his. He was asked whether Dr. Privitt did not reside in the county, and he replied that he did.

The statement of facts showed that the charge of the Court was not inapplicable to the case, in its reference to the manner of the witnesses and course of the testimony.

The Court charged the jury, without request, as follows: You are to determine from the testimony before you, whether the steer in controversy belongs to the plaintiff, or to the defendant. If there are conflicts in the testimony, it is your province and duty to reconcile them in view of all the facts of the case ; and in order to do this correctly, you should consider the means of information possessed by each witness, and whether his testimony was fairly and impartially detailed to you ; to do which you should have reference to the manner of the witnesses, whether they testified too freely for the one party, or unwillingly for the other—whether the manner of the witnesses manifested passion and bias for one or the other party, or partiality for the one or prejudice against the other. You may also consider the relationship of the witnesses to either of the parties, and whether that relationship may have influenced their testimony. And, in view of all these facts, you should weigh the testimony of each witness in view of the known facts of the case, and give it such weight as you may think it entitled to.

Where the testimony of a witness was reasonable and consistent with the other known facts of the case, this would warrant you in giving credit to his testimony. Where his testimony was unreasonable or inconsistent with the other known facts, this would warrant you in refusing to give credit to his statements. And you may credit, if you think proper, a portion

of a witness' testimony, and refuse to credit another portion of his testimony, accordingly as you may find the different portions of his testimony reasonable and consistent, or otherwise. So if you are satisfied a witness has sworn wilfully falsely, in one or more particulars, you may reject the whole of his testimony, however reasonable and consistent other parts of it may be ; but in such a case you are not obliged to reject the whole of his testimony, but you may weigh and consider it, and give it credit as you may think proper, when it is corroborated by the testimony of other witnesses, or when it is reasonable and in harmony with other known and established facts of the case.

In your deliberations, you should keep constantly in view the fact that your chief inquiry is, whether the steer in dispute is the property of Burk or Gray, and not whether this or that witness swore falsely. If you find for the plaintiff, you should, also, assess in your verdict the value of the steer. If you find for the defendant, you will say so by your verdict.

The defendant requested the Court to give to the jury the following additional instructions, which were refused :

That the declaration of the plaintiff to the witnesses, as to what description of steer his was, is evidence to be considered by them in making up their verdict in this cause ; and if they are not satisfied from the evidence, that the steer in controversy is the plaintiff's property, they must find for the defendant.

That to entitle the plaintiff to recover, he must prove to the satisfaction of the jury, that the steer in dispute was his property at the time of the institution of the suit.

Other instructions were asked by defendant, and refused ; but they are not now material.

The jury found for the plaintiff, and assessed the value of the steer at $15. Judgment ; motion for new trial overruled, &c.

There was a bill of exceptions, as follows : Be it remem-

bered that, on the trial of this cause, in the closing argu-
ment, the plaintiff's counsel commented upon the fact that Dr.
Privitt was not brought as a witness in this cause, and that,
as defendant claimed to have purchased the steer in contro-
versy from him, and had not laid his evidence before the jury,
it raised a strong presumption against the defendant, and was
a powerful fact against him. The defendant objected, and
asked that said argument be prevented by the Court, because
the jury could only find their verdict from the evidence before
them, and could not take into consideration what evidence
might have been laid before them. The Court overruled the
objection, and held the comment of the counsel legal and
proper.

*Donley & Anderson*, for appellant.

*Priest, Murray* and *Gwinn*, for appellee.

WHEELER, J. This case involved a single inquiry of fact—
a mere question of the identity of the animal. That was the
sole matter of dispute. There can be no doubt that each of
the parties owned an animal of the description of the one in
controversy, and so nearly resembling, that it would be diffi-
cult to distinguish them. Their similarity is the cause, doubt-
less, of this unfortunate litigation. Each party adduced ample
proof, unrebutted, of title in himself. The only question for
the jury to decide, therefore, was, whether this was the plain-
tiff's or the defendant's steer ; and the Court very properly so
instructed them. The instructions asked by the defendant
were uncalled for by the facts of the case ; and were very pro-
perly refused. The giving of them could have had no ten-
dency to aid the jury in coming to a right conclusion, but
rather the contrary. Where the Court has sufficiently in-
structed the jury upon the law of the case, it is proper to re
fuse instructions applicable to isolated facts, or parts of the
evidence, which, though correct in point of law, would have

Gray v. Burk.

the effect to give the matters to which they relate an undue prominence in the minds of the jury.

The only ground urged for a reversal of the judgment, which seems deserving of notice, is the refusal of the Court to arrest the comments of counsel upon the failure of the defendant to introduce, as a witness upon the trial, his vendor. And in this there was no error. It undoubtedly was a circumstance which admitted of an inference unfavorable to the party ; and was, therefore, the proper subject of observation by counsel. It is true, the warrantor of title to property which is in controversy, is generally incompetent as a witness for his vendee. If he is bound to make good the title to his vendee against the claim of the adverse party, he cannot be a witness for him. But there can be no pretence of any such liability over in this case. There was no question of the goodness of the title of the defendant's vendor ; and he could have been a competent witness for the defendant. But if not, he might have been rendered competent by a release. There was, therefore, no error in the ruling complained of.

There is no error in the judgment ; and it is well that this unfortunate controversy about a steer worth fifteen dollars, which will probably have cost the successful party more than ten times the value, and which has interrupted the offices of good neighborhood, and engendered lasting animosities, perhaps, between honest men and good citizens, is now ended. It had been much better, had it never been begun ; or, when begun, had such counsels prevailed as to have put an end to it at once.

Judgment affirmed.