CITIZENS RAILWAY COMPANY v. P. H. GRIFFIN ET AL.

Decided March 18, 1908.

**1.—Negligence—Street Railway.**

Evidence considered, and held sufficient to show actionable negligence in starting a street car while a child was alighting therefrom, occasioning injuries to the mother by her efforts to protect the child from injury.

**2.—Damages—Personal Injury.**

Evidence held to support a recovery of $2,500 as damages for personal injury, including miscarriage of plaintiff, from her exertions to save her child from injury threatened by defendant's negligence.

**3.—Damages—Proximate Cause—Neglect of Injuries.**

Evidence held to support a finding for plaintiff under a due submission of the issue as to plaintiff's neglect to procure proper medical treatment for personal injuries.

**4.—Question of Fact.**

If there is any evidence upon an issue raised by the pleading (such as the permanency of plaintiff's injuries) it is the duty of the court to submit its decision to the jury.

Appeal from the District Court of McLennan County. Tried below before Hon. Sam. R. Scott.

*Clark & Bolinger,* for appellant.—The charge that if the jury found plaintiff's wife suffered any permanent injury as the direct and proximate result of defendant's negligence they were authorized to take that fact into consideration in measuring the damages, etc., was on the weight of the evidence, suggesting to the jury that the evidence might authorize them to so find, whereas the evidence failed to show permanent injury; and such charge was misleading, erroneous and pre-

judicial to the rights of the defendant. Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Austin v. Talk, 20 Texas, 165; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 574; Andrews v. Smithwick, 20 Texas, 111; Hampden v. Dean, 4 Texas, 455; Railway Co. v. Wisenor, 66 Texas, 674; Dodd v. Arnold, 28 Texas, 101; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 392.

*Sanford & Denton,* for appellee.—In the absence of a legal measure of damages, the appellate court will not ordinarily interfere with the verdict on the ground that it is excessive, unless the amount is so great as to indicate influence of passion or prejudice, or other improper influence upon the jury. San Antonio & A. P. Ry. Co. v. Parr, 26 S. W., 862; Missouri etc. Ry. Co. v. Jarrard, 65 Texas, 567; Gulf etc. Ry. v. Greenlee, 62 Texas, 351; International & G. N. Ry. Co. v. Gilbert, 64 Texas, 541; Dillingham v. Scales, 78 Texas, 206-7; Missouri Pac. Ry. Co. v. White, 80 Texas, 210; Trinity County Lumber Co. v. Denham, 29 S. W., 555; Missouri, K. & T. Ry. Co. v. Nail, 58 S. W., 165; Western U. Tel. Co. v. Broesch, 72 Texas, 659.

If there is any evidence, however slight, upon any issue raised by the pleadings and evidence, the court must submit that issue to the jury. Parker v. Leman, 10 Texas, 118; Waul v. Hardie, 17 Texas, 559; Patton v. Rucker, 29 Texas, 406; Underwood v. Coolgrove, 59 Texas, 170; Parker v. Chancellor, 78 Texas, 528; McGown v. Railway Co., 85 Texas, 292; Gulf, C. & S. F. Ry. v. Kizziah, 26 S. W., 242; Fitzgerald v. Hart, 17 S. W., 369.

RICE, ASSOCIATE JUSTICE.—P. H. Griffin, joined by his wife Cora L. Griffin, as plaintiffs in the court below, brought this suit against appellant, the Citizens' Railway Company, for damages for personal injuries claimed to have been sustained by plaintiff's wife while a passenger on appellant's street cars in the city of Waco on the 10th of December, 1906. They alleged that upon said last named date, plaintiff Cora L. Griffin, with her two children, one an infant about eighteen months old, and the other a little girl about three years of age, while passengers on appellant's car, gave the signal to stop said car, so as to enable them to alight therefrom; that in obedience thereto the motorman caused said car to stop, whereupon the said Cora L. Griffin with her infant in her arms alighted from the car; but before the other child was able to alight from the car the motorman negligently and carelessly caused the same to start forward, at which time she was standing on the ground at the side of the platform and the little girl was on the edge of the platform in the act of stepping down, or waiting for her mother's assistance in alighting from said car; that it was several feet from the platform to the ground, and the little girl, by reason of this fact and the motion of the car and her immature years, was in imminent danger of being thrown from said car, or of attempting to alight therefrom and being seriously injured; that her mother, Cora L. Griffin, realising the dangerous situation in which her child was placed and apprehensive of great and serious injury to her, threw out her disengaged hand and caught hold of the little girl and ran along with and by the side of said car,

holding her baby in one arm and the little girl with the other, screaming for the motorman to stop, but the speed of the car continued to increase, as it progressed, and she continued to run along therewith, holding her baby in one arm and keeping hold of the little girl with the other, which necessitated keeping her body in a stooped position until the car had run a distance of about 165 feet, when the motorman's attention was attracted, the car was stopped and the little girl taken uninjured therefrom; that the ground over which plaintiff was forced to run was very rough and uneven, and that the speed at which she was forced to run in her stooped position caused great strain and tension upon her physical system and great exertion on her part, whereby she was greatly alarmed and frightened for the safety of her little girl, by reason of all which facts she suffered a severe shock to her nervous system, from which she grew ill, having fever and rigors for a period of twenty-four hours, at which time she suffered a miscarriage; that as a consequence thereof she was forced to remain in her bed for a period of about ten days thereafter, and that her health and strength and genital organs have been permanently injured and impaired, and she is now and will continue to be weak physically and unable to undergo ordinary physical exertion, whereas before she was a strong, healthy and vigorous woman; that her said miscarriage caused her great mental anguish and intense physical pain and suffering, whereby she was in imminent danger of losing her life, all of which she charged was due to and the proximate result of the negligence and carelessness of said motorman in suddenly starting said car before her child could safely alight therefrom.

Appellant answered by general demurrer, general denial, and pleaded specially that if appellee was injured, the same was caused by her contributory negligence in unnecessarily running after and catching appellant's car; that her child was not in a perilous position, and in no danger of being hurt, and that her conduct was entirely voluntary, and constituted contributory negligence, for which she was not entitled to recover; and further answering plead that if she suffered a miscarriage and injurious consequences therefrom, that the same was caused and produced by the failure of the said Cora L. Griffin and her husband to exercise any care whatever to prevent the same after she became sick; that she failed to obtain the services of any physician and negligently failed to use any effort whatever to prevent said result, and that the same could have been prevented by the use of proper care.

There was a verdict and judgment for the plaintiffs in the sum of $2500, from which this appeal is prosecuted.

Appellant by its first assignment of error urges that the verdict of the jury was excessive, in that the injuries were not permanent and the same appeared to be merely temporary, causing slight indisposition and inconvenience for a few days. We think the evidence in this case amply sustains the allegation that appellant was negligent in suddenly starting the car without affording sufficient time for plaintiff's little child to disembark therefrom, thereby leaving the child in a dangerous position, justifying the effort made by the mother to rescue it. The evidence shows that while the child was in the act of stepping down from the platform of the car to the ground, the car

was suddenly started, and the mother, seeing the great peril of the child, caught hold of it, and, running along with the car, prevented its falling. While in this position, it seems from the evidence, the speed of the car was greatly increased, and the plaintiff, by reason thereof, was forced to run very fast, in a stooping attitude, holding the baby in one arm while supporting the other child with the other hand, from which it appears she was thrown into great nervous excitement, had fever and rigors and finally a miscarriage. The evidence discloses that at the time of the trial, which was three or four months after the occurrence, she was still suffering and unable to perform her ordinary household duties, being left in a weak and prostrated condition. She testified that she suffered severe and excruciating pain two days preceding her miscarriage, and that she still suffered; that she had never had a miscarriage before this, and soon recovered her health after the birth of her other children. The testimony of her physician showed that the miscarriage and injuries were the result of the fright and shock to her nervous system, and that very often more serious consequences follow a miscarriage than natural birth. One of appellant's physicians testified that it often happens that in cases of miscarriage, such as was produced on Mrs. Griffin, there are after serious consequences to the woman through life.

In the nature of things, there can hardly be any accurate measure of damages in a case like the present, and courts do not ordinarily interfere with the verdict of a jury on the ground that it is excessive, unless the amount recovered is so great as to indicate passion or prejudice or other improper influence, and nothing of this kind is suggested or urged by appellant. Believing the evidence sufficient to sustain plaintiff's allegations, both as to negligence and serious injury resulting to her therefrom, we are not inclined to disturb the verdict and judgment on the ground that the same is excessive. (San Antonio & A. P. Ry. Co. v. Parr, 26 S. W., 862; Missouri etc. Ry. Co. v. Jarrard, 65 Texas, 567; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 351; International & G. N. R. R. Co. v. Gilbert, 64 Texas, 541; Dillingham v Scales, 78 Texas, 206-7; Missouri Pac. Ry. Co. v. White, 80 Texas, 210; Trinity County Lumber Co. v. Denham, 29 S. W., 555; Missouri, K. & T. Ry. Co. v. Nail, 24 Texas Civ. App., 114; Western U. Tel. Co. v. Broesche, 72 Texas, 659.)

Appellant, by its second and third assignments of error, urges that the court erred in refusing to grant it a new trial because it contends that it appears from the testimony that all the injuries sustained by plaintiff's wife, including any supposed injury sustained at the time she ran after defendant's car, as well as subsequent injuries and sickness and miscarriage suffered by plaintiff's wife, was not the proximate result of defendant's negligence, but that the same resulted solely from the contributory negligence of plaintiff and his wife in failing to properly care for his wife, or to obtain the services of a physician until after such condition resulted.

With reference to these assignments we think it sufficient to say that the court in its main charge fully submitted the issue of contributory negligence as to both the issues pleaded by appellant, viz.: Negligently running after the car, and failing to summon a physician

or to take the proper caution to prevent a miscarriage and in a special charge given at the instance of appellant, the jury were distinctly told that if plaintiff suffered a miscarriage from the acts and circumstances set forth in the petition, but the said Cora L. Griffin or P. H. Griffin her husband, were both grossly guilty of contributory negligence in failing to take proper care to avoid said miscarriage after said occurrence at the street-car, or that if after she became ill she negligently failed to obtain the services of a physician, or to obtain proper care and treatment, which could have been easily obtained by the exercise of proper efforts on their part, until after said miscarriage had resulted, that she was not entitled to recover. Since the jury have passed adversely to appellant's contention on this issue, with ample evidence to sustain said finding, we think there is no ground for complaint on its part.

Appellant by its fourth assignment of error assails that portion of the main charge of the court wherein the same submits the issue of permanent injuries to the jury, in that it told the jury that if plaintiff's wife suffered any permanent injury as the direct and proximate result of defendant's negligence, they were authorized to take that fact into consideration in measuring the damages, etc. Appellant insists that there was no evidence upon which to predicate such a charge. We understand the law to be that where there is any evidence upon an issue raised by the pleadings, it is the duty of the court to submit the issue to the jury. (Waul v. Hardie, 17 Texas, 559; Patton v. Rucker, 29 Texas, 406; Underwood v. Coolgrove, 59 Texas, 170; Parker v. Chancellor, 78 Texas, 528; McGown v. International & G. N. Railway Co., 85 Texas, 292; Gulf, C. & S. F. Ry. Co. v. Kizziah, 26 S. W., 242; Fitzgerald v. Hart, 17 S. W., 369.)

The facts and circumstances in evidence, in our judgment, are sufficient to have demanded a charge upon this issue, and, after a full review of the same, we are not inclined to disturb the verdict on this ground.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.