TEXAS BROKERAGE COMPANY v. JOHN BARKLEY & COMPANY.

Decided March 25, 1908.

1.—Trial—Issue—Duty to Submit.

The rule is well settled in this State that if there is any evidence, however slight, which has a tendency to establish an issue, it is the duty of the trial court to submit it to the consideration of the jury, even though insufficient to support a verdict rendered thereon.

2.—Principal and Agent—Purchase by Agent.

The rule is not invariable that an agent cannot purchase for himself from his principal. An exception exists when the principal is fully informed that the agent is acting and buying for himself, and not in his capacity as agent.

3.—Same—Commissions—Inconsistent Claims.

An agent or broker cannot recover commissions on a sale to himself. A claim for damages for breach of a contract of sale by the defendant to the plaintiff, and a claim for commissions on such sale as defendant's agent or broker, are inconsistent, and cannot be asserted at the same time. The establishment of one would destroy the other.

4.—Appeal—Practice.

In the absence of pleading raising an alleged issue, the Appellate Courts will not discuss the rules of law applicable thereto, although the same are discussed in the briefs.

5.—Evidence—Self-Serving Declarations.

The statements and declarations of a party made after the alleged breach of a contract are not admissible as evidence in his behalf.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*John W. Davis,* for appellants.—Appellants' contention is: First. That the evidence does not necessarily show, as assumed by the court, that appellants were brokers for John Barkley & Company, no direct evidence to show the fact, it being of such character that a jury might conclude yes or no, and be sustained in the conclusion.

Second. Even if the evidence did show, without any doubt whatever, that appellants were brokers for appellees, the reason of the rule that a broker can not sell his principal's property to himself, does not apply under the facts of this case.

Third. The fact that appellants were brokers did not prevent them from contracting in their own names, if they so intended.

Fourth. Appellants sold the sugar involved in this case to Rotan Grocery Company, on their own account, and Rotan Grocery Company looked to them to comply with their contract and they did comply in fact, whereby, even if they were brokers for appellees and paid all damages owing by appellees, then they would have a cause of action against appellees to reimburse them for the money so paid Rotan Grocery Company on account of the breach of contract by appellees.

Fifth. The issues made by the pleadings recognize the proposition that appellants were acting on their own personal account in the purchase and sale of the sugar, and the evidence by reasonable interpretation sustaining such theory, then there was acquiescence by appellees that appellants were the purchasers from them to the extent that it would be ratification, resulting in right of action by appellants for breach of contract, even though they were the agents of appellees.

Sixth. That, even if appellants can be held, under the evidence to be brokers for appellees, with such conclusiveness that it is not a fact to be submitted to the jury, yet if appellants are shown to be guarantors to Rotan Grocery Company, and in fulfillment of their guaranty paid them the damages for breach of contract by their principals, then appellants would have cause of action against appellees for the amount so paid under their guaranty.

Seventh. In one view of the case, in accordance with which the evidence could be interpreted, appellants were acting for Rotan Grocery Company, and having settled the damages for breach of contract by appellees with Rotan Grocery Company, would be subrogated to its rights against appellees.

To authorize the court to take the case from the jury and direct a verdict for appellees, "the evidence must be such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." If there is any evidence which tended to show appellant's cause of action, it should have been submitted to the jury. Lee v. Ry. Co., 89 Texas, 588; Wallace v. Southern Co., 91 Texas, 18; McCartney v. McCartney, 53 S. W., 390; Galveston, H. & S. A. Ry. Co. v. Harris, 53 S. W., 599.

If there is any evidence whatever tending to establish plaintiffs'

cause of action the case should be submitted to the jury. Missouri, K. & T. Ry. Co. v. Yale, 65 S. W., 57; Stevenson v. Pulman, 26 S. W., 112; Johnson v. Drought, 22 S. W., 290; Royal v. G., C. & S. F. Ry. Co., 32 S. W., 186.

We admit as a "general rule that a person can not act as agent for another and become himself the buyer, which rule is founded upon the danger of imposition and the presumption of the existence of fraud, inaccessible to the eye of the court." But this principle is subject to qualification in particular cases, and in every case where the reason for the rule does not apply. Shannon v. Marmaduke, 14 Texas, 218; Nabours v. McCord, 100 S. W., 1152.

Third assignment.—The evidence tends to show that the two cars of sugar shipped to Tyler were causing demurrage because of non-delivery. Proof that demurrage was paid; allegations in petition that this was caused by negligence of appellees in not having car numbers inserted in bill of lading. Then it is submitted that any evidence tending to show that the demurrage accrued because of the negligence of appellees in not having car numbers inserted in bills of lading, should have been admitted.

The evidence as to the quality of different sugars can be shown by comparison of samples by experts as well as other testimony, and the proof of identity of same offered can be made by proof by one witness that he prepared the sample and mailed it to another, and then by such other that he received the sample offered in evidence from the first witness through the mail.

A broker and general manager of wholesale grocery business is competent to testify as to quality of sugars, especially when he responds to the question what was the grade of certain sugar inquired about.

That a man is an expert on grades of sugar can be proved by anyone who knows the fact, as well as by himself.

*Carroll, Henderson & Carroll, W. B. Carrington* and *Eugene Williams,* for appellees.—The bare fact that appellants were in business as brokers would not preclude their buying from appellees so long as the relation of broker to appellees had not arisen. When that relation arose, as it did, by appellants' telegram, "Sold Rotan 1500 barrels," and appellees' telegram, "Confirm Rotan," the law barred appellants from acting or claiming to act for themselves, and as appellants' second proposition is based only on the hypothesis that they were themselves the purchasers while admitting in the proposition itself that they were appellees' brokers, the proposition on its face shows the trial court was right in having charged the jury to find for appellees. Shannon v. Marmaduke, 14 Texas, 217; Nabours v. McCord, 100 S. W., 1152.

FISHER, Chief Justice.—Appellant's petition substantially states that as brokers they bought of appellees 1500 barrels of sugar to fill orders which they then had for the same at 4 30/100 cents per pound; that appellants after contracting with appellees for the sugar, sold the same to other parties; that 500 barrels of the sugar were delivered

to appellants under their contract of purchase, but that appellees refused to deliver the remaining 1000 barrels contracted for, and for this reason the appellants were required to go into the market and purchase a like quantity of sugar for the purpose of fulfilling the contracts they had so made with other parties; that there had been a rise in the market in the quality of sugar they contracted to purchase from appellees, which difference in price they were required to pay in the purchase of sugar to be delivered to their customers. The petition states what this amount is and it is sued for by the appellants as one of the items it is claimed that they were entitled to recover.

In addition the appellants also sued to recover ten cents per barrel as brokerage commissions, which they claimed they were entitled to. Also the sum of $44.37, loss sustained on that part of the sugar delivered on account of a difference in the quality of the sugar so delivered; and also sought to recover $7 as an item of car demurrage, arising from the negligence of appellees in not having the numbers of the cars correctly stated in the bill of lading.

After the evidence was all in the trial court directed a verdict in favor of appellees, evidently upon the theory that it was shown that the appellants at the time of their pretended purchase were acting as the brokers of the appellees, Barkley & Company, and, such being the case, they could not purchase for themselves.

The rule is well settled in this State that if there is evidence, although slight, which has a tendency to establish an issue, it is the duty of the trial court to submit it to the consideration of the jury. Citizens Ry. Co. v. Griffin, decided March 18, 1908. The courts of this State have gone so far in this direction as to establish the nonsensical and illogical rule that the issue should be submitted, although the trial court after verdict should properly conclude that the evidence upon which it was based was not sufficient to justify the verdict of the jury, and for that reason should grant a new trial. (Fitzgerald v. Hort, 17 S. W., 369.)

Considering the evidence in the light of this rule we are not prepared to approve of the disposition made of the case by the peremptory instruction of the trial court. It is not always the case that a broker may not purchase for himself. If it is apparent that in making the purchase his object is to acquire title for himself, and the seller contracts with him with a knowledge of this fact; or the facts connected with his purchase are of such a character from which notice could be implied that he was dealing with the broker as purchaser, and not as his broker, we see no reason, in such a case, for the application of the rule that an agent will not be permitted, to his own advantage, to deal with the property of his principal. There is some evidence favorable to this theory of appellant of sufficient force to entitle this question to be submitted to the jury.

The pleadings of the plaintiffs present two inconsistent claims, that is so far as relate to the items of damages, one of which must fall. The item of damages arising from the breach of contract or failure to deliver the sugar is predicated upon the theory that the plaintiffs purchased the sugar on their own account and not as

brokers for appellees. They also claim $150 as commissions, which must be predicated upon the theory that they are entitled to recover this sum as brokerage fees when acting for appellees. If they purchased for themselves, of course they are not entitled to the commission claimed. If they did not purchase for themselves but were merely acting as brokers for the appellees in the sale of sugar to other parties, then they would be entitled to the commission. These items are based upon two inconsistent theories, and the establishment of either one by the evidence would destroy the right to recover under the other.

Appellants on pages four, five and six of their brief undertake to enumerate the different grounds upon which they would be entitled to recover, provided the trial court had submitted the issues of fact to the jury. What we have said substantially disposes of appellant's first, second and third contentions as there stated. The fourth, fifth, sixth and seventh grounds may be disposed of with the statement that, in our opinion, the plaintiffs' pleadings did not authorize the questions suggested to be passed upon by the jury. In the absence of a pleading raising these issues, it would be improper for us to undertake to discuss the rules of law relating thereto, suggested by the appellants in their briefs.

In disposing of the third assignment, we take occasion to say that if the plaintiffs should be entitled to recover, so much of the contents of the telegrams and letters set out in this assignment of error as relate to the item of demurrage would be admissible, provided it is shown that the appellees were guilty of actionable negligence in not having the numbers of the cars properly inserted in the bill of lading, and that therefrom plaintiffs have sustained damage by incurring expenses and loss on account of such negligence.

The fourth assignment complains of the action of the trial court in refusing to admit the telegram of January 1, 1907, from the appellants to appellees, and a letter of the same date from appellants to appellees. This telegram and letter, it seems, were sent after the time the evidence tends to show the contract was terminated by the supposed breach of the appellees in refusing and failing to deliver the sugar. Furthermore, they should be considered as the statement and declaration of the parties in whose favor they are sought to be introduced. Evidence can not be made in this way.

We are inclined to the opinion that if on another trial there should be an issue as to the quality of the sugar delivered to witness Woldert, he should be permitted to testify as claimed in appellants' fifth, sixth and seventh assignments of error.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*