INTERNATIONAL & G. N. RY. CO. v. WILLIAMS.

(Court of Civil Appeals of Texas. Austin. July 5, 1913. On Motion for Rehearing, Oct. 29, 1913.)

1. TRIAL (§ 139*)—TAKING CASE FROM JURY —EVIDENCE.

When there is any evidence raising an issue upon which a verdict may be rendered in behalf of the plaintiff, a peremptory instruction for defendant would be erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. MASTER AND SERVANT (§ 286*) — ACTION FOR INJURIES—QUESTION FOR JURY—PLACE FOR WORK.

On evidence in an action by a car inspector and repairer for injuries from falling into a ditch while carrying a heavy draft rod, *held*, that the questions whether the ground through which the ditch ran was a part of defendant's yard at that place, and under its control at the time of the accident, were for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 228*) — ACTION FOR INJURIES — CONTRIBUTORY NEGLIGENCE —STATUTES.

Under Rev. Civ. St. 1911, art. 6649, providing that in personal injury actions against railroads the negligence of the injured employé shall be no defense, but shall merely go to the amount of recovery, an employé's contributory negligence, either in fact or in law, would not defeat his recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. TRIAL (§ 256*)—INSTRUCTIONS—DUTY TO REQUEST INSTRUCTIONS.**

It is the duty of a party not satisfied with an instruction to present a special charge incorporating his view of the case, and on failure to do so he cannot complain.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

**5. MASTER AND SERVANT (§ 204*) — ASSUMPTION OF RISK.**

In view of Acts 29th Leg. c. 163, prescribing when a defense of assumption of risk shall be available, such defense does not apply to an employé having knowledge of a danger, if a person of ordinary care and prudence would have continued in the service with such knowledge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

**6. EVIDENCE (§ 548*) — EXPERTS — EXAMINATION—FACTS FORMING BASIS OF OPINION.**

In an action for personal injuries, testimony by physicians relative to an examination of plaintiff, subsequent to his injury, and for the purpose of testifying as witnesses as to his condition and based on objective and subjective examinations, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2346, 2365; Dec. Dig. § 548.*]

**7. APPEAL AND ERROR (§ 690*) — QUESTIONS PRESENTED BY RECORD—EVIDENCE.**

Where bills of exception to the admission of evidence merely show that the defendant objected to certain medical witnesses testifying in the case as to the condition of plaintiff, but do not show what the evidence objected to was, there is nothing for the court to consider.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. § 690.*]

**8. TRIAL (§ 122*)—ARGUMENT OF COUNSEL—FAILURE TO CALL WITNESS.**

In an action for injuries by falling into a ditch while engaged with another employé in carrying a heavy rod, argument of counsel for plaintiff that such other employé was in attendance as a witness for defendant, but that defendant did not put him on, and that if plaintiff's statement was not true the defendant could have denied it by such witness, if error, was not ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 299; Dec. Dig. § 122.*]

**9. APPEAL AND ERROR (§ 1060*)—HARMLESS ERROR—ARGUMENT OF COUNSEL.**

The use of improper language by counsel does not, of itself, furnish sufficient ground for reversing a judgment; but it is only where the preponderance of the evidence seems to be against the verdict, or where the verdict seems excessive and there is reason to believe that it may have been affected by such argument, that it becomes a ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

On Motion for Rehearing.

**10. MASTER AND SERVANT (§ 291*) — ACTION FOR INJURIES—INSTRUCTIONS—CONFORMITY TO PLEADING AND ISSUES.**

In an action by a car repairer for injuries from falling into a ditch while carrying a heavy rod, where it was alleged that plaintiff did not know of the condition of the ditch, and that defendant did and also knew that employés were using that part of the land in the performance of their work, and negligently failed to cover it up or inform plaintiff of its dangerous condition, and there was evidence upon such issue, it was proper to charge the jury thereon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by T. M. Williams against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Chambers & Baskin, of Cameron, Doremus, Butler & Henderson, of Bryan, and Wilson, Dabney & King, of Houston, for appellant. Henderson, Kidd & Gillis, of Cameron, and J. W. Garner, of Rockdale, for appellee.

RICE, J. This suit was brought by appellee to recover damages for personal injuries sustained on account of the alleged negligence of appellant, for whom he was then working as a car inspector and repairer at Valley Junction. The negligence alleged consisted of the failure of appellant to furnish him with a reasonably safe place to work, in this, that it permitted a ditch running across a portion of its yards at said place to become and remain so obscured from view by a rank growth of Johnson grass, that he, while in the discharge of his duties carrying a draft rod across said yard, stepped into said ditch and was injured. The defense interposed, besides a general denial, embraced pleas of contributory negligence and assumed risk, and special pleas to the effect: First. That the hotel and plot of ground connected therewith and through which the ditch extended had never been used by the company as a place for its employés to work, nor was it contemplated that such place should be so used, and that it was not the duty of appellee to go across or over same in the discharge of his duties as car inspector and repairer; but, on the contrary, his doing so was voluntary upon his part, for which reason appellant was not liable. Second. That defendant had in fact furnished a safe place for its employés to work and perform their respective duties at Valley Junction; that it provided several safe ways and walks through its yard at said place for its employés to pass in the performance of their duties; that, at the time appellee and his assistant Lusk were carrying said draft rod, there were several safe ways open to them, which were in constant use by its employés; but, notwithstanding this, he and said Lusk voluntarily went from the freight depot to the oil track across an untraveled, rough piece of ground, over which there was no path or walk, through which said ditch ran, and, if plaintiff was injured as alleged, it was due to his own deliberate choice of routes which brought about his injury, for which reason appellant was not liable. Third. That appellant had leased the hotel

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

and premises through which the ditch ran to the Gulf Coast News Company, and at the time of the accident had no lawful control thereover, and hence was not responsible to appellant. A jury trial resulted in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted.

The facts, briefly summarized, show that appellant's main line and its Ft. Worth division (the first running practically east and west, and the latter north and south) cross each other at right angles at Valley Junction; and that just east of and adjacent to the latter track, and upon both sides of the former, the railway yards are situated, lying in a triangular shape, the Ft. Worth division being the base, and the sides of which are formed by a switch track running northwesterly from a point on the main line about 300 feet of their intersection, to the Ft. Worth division, the south side being a spur track extending from about the same point on the main line in a southwesterly course to said Ft. Worth division. Within this triangle is the hotel, with several outbuildings on the north side thereof, and on this switch track is a freight depot, at which place the draft rods had been left for appellee's use in repairing cars. Appellee and his helper Lusk, at the time of the accident, were engaged in carrying one of these rods on their shoulders from the freight depot across the yards to a car on the spur track, for the purpose of repairing same, and in passing over said ditch stepped therein, receiving a jar and jolt which brought on hernia, from which he has been seriously injured, and since which time he has been unable to work. While there was a path running on the west side of the hotel from the freight to the passenger depot, and another leading from this to the roadway on the east side of the hotel across the main line track, over which it is contended appellee could have carried these rods, yet there is ample evidence on his part to the effect that these routes were impracticable, for the reason that he was unable to pass some of the outbuildings with said rods; and, in addition to that, that they were farther than the route traveled by him. The evidence shows that these rods were about 32 feet long, and weighed over 200 pounds. It was also shown that the ditch into which he stepped was dug by the railway company, and that it was the common practice and custom for the employés on said yard to go straight from the freight depot across this plot of ground through which the ditch extended in performing their work, and that he himself had often passed that way in the discharge of his duties. This ditch when first constructed had been inclosed and covered by plank, and was some 12 inches wide by 14 inches deep, and extended from the northeast corner of the hotel in a northeasterly direction to a point where it emptied into a cesspool, and was used for carrying off the waste water from the hotel kitchen. Johnson grass had been allowed to grow over this entire plot of ground, obscuring this ditch from view. The plank over it at the point where appellee stepped had either rotted or been displaced, and it appeared that appellee, although he had worked in the yards several years, was not cognizant of the location of said ditch; that on account of the weight and length of this rod it wobbled and was difficult to carry, and appellee and his helper had safely carried one over the same route just prior to the injury.

[1, 2] It is contended on the part of appellant that the court erred in refusing to instruct a verdict in its behalf on the ground that the evidence did not warrant a recovery. It is well settled, however, that when there is any evidence raising an issue, and upon which a verdict may be rendered in behalf of the plaintiff, that then it is a question of fact for the consideration of the jury, and it would be improper to give a peremptory instruction against him. See Texas Brokerage Co. v. Barkley & Co., 49 Tex. Civ. App. 632, 109 S. W. 1001; Citizens' Railway Co. v. Griffin, 49 Tex. Civ. App. 569, 109 S. W. 999. So, in the instant case, notwithstanding the contention of appellant that the plot of ground through which the drainway ran was not a part of its yards at said point, and that it had furnished reasonably safe paths across its yards for its employés, still we think there was ample evidence to warrant the court in submitting the issue raised by the pleadings to the jury. We therefore overrule the assignment presenting this contention.

Nor did the court err in failing to direct a verdict for appellant on the ground that the hotel and premises through which the ditch ran had been leased by it to the Gulf Coast News Company, and was therefore under the control of the latter at the time of the accident, for the reason that an inspection of said lease leaves it doubtful as to whether or not it embraced or included the drainway in question. But even if it could be so held, yet there was nothing therein to indicate that exclusive control or possession was given thereover to said news company; and the evidence is sufficient to show that during the entire period of this lease employés of appellant continuously used this plot of ground in the discharge of their duties, which must have been performed with the acquiescence and knowledge of appellant. Hence we think it would have been improper to have so instructed the jury. Besides this, the court submitted this issue to the jury, who were directed to find in favor of appellant, if they should believe that said lease included the plot of ground on and over which plaintiff was working when he stepped into the ditch.

[3] Notwithstanding appellant may have furnished several different paths or routes

by which appellee could have safely carried the rod in question, yet he was not wholly precluded from recovery by reason of the fact that he adopted another and different route, even though it be conceded that by so doing he may have been guilty of contributory negligence; because contributory negligence, either in fact or as matter of law, under the facts of this case, was not a complete defense to plaintiff's recovery, but could only diminish the amount thereof (see Acts of 31st Leg. p. 279 et seq., approved April 13, 1909; R. S. 1911, c. 10, art. 6649; Freeman v. Gerretts, 153 S. W. 1163), and a proper charge on this subject was submitted by the court to the jury. Therefore the several charges set out under the third, seventh, eighth, and ninth assignments, presenting this theory of the case, were properly refused.

[4, 5] The court in the fifth paragraph of its charge told the jury that if they believed from the evidence that before receiving his injury the plaintiff knew of the existence of the ditch in question, and the dangerous condition, if any, of the route he traveled with the draft rod, and "if you further believe from the evidence that there was another and a safer way which he might have traveled, then you will find him guilty of contributory negligence." Appellant insists that this charge is error, for the reason that if plaintiff knew of the existence of the ditch and chose the way he did, when there was a safer one he might have traveled, he assumed the risk, and this would bar his recovery; and therefore the question was not one of contributory negligence, but of assumed risk, and that the court erred in failing to so instruct the jury. If this be granted, then it became appellant's duty to present a special charge incorporating this phase of the case, which it failed to do, and therefore cannot complain. But its contention is not correct for the reason that, notwithstanding that appellee may have known the danger, still, if a person of ordinary care would have continued in the service with such knowledge, then the defense of assumed risk would not have applied. See chapter 163, Acts of 1905, p. 386.

[6] We do not think the court erred in permitting Drs. Gill and Epperson to testify relative to an examination of plaintiff, made subsequent to the injuries in question, and giving the result thereof, which examination was made for the purpose of testifying as witnesses as to his condition, and was based on objective and subjective examinations, for which reasons the eleventh and twelfth assignments, complaining of the court's permitting said witnesses to so testify, are overruled.

[7] But, apart from this, it will be found on inspection of the bills of exception that the point is not properly raised, in this: That the bills did not point out or contain the testimony objected to, but show that appellant merely objected to the witnesses testifying and giving evidence in the case, without setting out the particular evidence objected to, for which reason they should not be considered.

[8] It is urged that the court erred in failing to grant a new trial on account of the improper argument of counsel for plaintiff. It appears from the bill that during the argument of J. W. Garner, Esq., counsel for plaintiff, he said in addressing the jury that A. D. Lusk was in attendance on the trial of this case as a witness for defendant, but defendant did not put him on; "that Lusk was a helper to Mr. Williams in the carrying of that rod, and, if what Mr. Williams has stated was not true, that they could have denied that by Mr. Lusk; and that, if Mr. Lusk had been put on the stand, he would have stated what Mr. Williams had stated." At this juncture defendant objected and excepted; whereupon said counsel stated to the jury: "I do not know what Mr. Lusk would have testified, and have not been told; but I believe if he had testified he would have testified as Williams did." These remarks were objected to on the ground that they were not warranted by the evidence; that the failure of Lusk to testify afforded no ground or reason for counsel to testify for him, or animadvert upon what he would have testified, if placed on the stand as a witness; and because such remarks were calculated to influence and rouse the passion of the jury against the defendant. It will be recalled that the testimony shows that Lusk was aiding appellee in carrying the rod at the time of the injury; and, if the plaintiff had made incorrect statements respecting the accident, then it was within the power of counsel for defendant to have contradicted him by this witness. Such remarks of counsel, under the circumstances, were not, in our judgment, such error, if error at all, as should cause a reversal. Similar argument has been held by our own courts legitimate. See M. P. Ry. Co. v. White, 80 Tex. 207, 15 S. W. 811, where counsel for plaintiff in his closing argument, at great length, commented upon the failure of appellant to produce certain witnesses, who had knowledge of the transaction, and who could have contradicted plaintiff's testimony, if untrue; wherein Mr. Justice Collard, delivering the opinion, said: "It is customary to permit attorneys to comment upon the absence of witnesses, or their nonproduction, when they are shown to be cognizant of the facts in issue. It is a mere matter of argument, and may be discussed by either side, trusting to the good sense of the jury to properly estimate the value of such argument."

In Gray v. Burke, 19 Tex. 233, where the only ground urged for reversal was the refusal of the court to arrest comments of

counsel upon the failure of defendant to introduce as a witness upon the trial his vendor, the issue being as to the identity of an animal, the court, referring to such failure, said: "It undoubtedly was a circumstance which admitted of an inference unfavorable to the party, and was therefore the proper subject of observation by counsel." See, also, 38 Cyc. 490 et seq., to the same effect.

[9] Besides this, it is held, in I. & G. N. R. R. Co. v. Irvin, 64 Tex. 529, that: "The use of improper language or course of argument by adverse counsel, within itself, furnishes no sufficient reason for reversing a judgment; and it is only in cases in which the preponderance of the evidence seems to be against the verdict, or in cases in which the verdict seems excessive and there is reason to believe that the verdict may have been affected by such course of conduct, that it becomes a ground for reversal. Parties are not to be punished by reversals for the improprieties of their counsel, unless there is reason to believe that the course pursued affected the merits of the case." In the instant case, the verdict is not large, and we are not inclined to disturb it on account of the remarks complained of, because we do not believe, especially in view of the latter part of counsel's statement, that such argument could have influenced the jury to appellant's prejudice.

The remaining assignments have had our careful consideration, but are regarded without merit, for which reason they are overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

It is earnestly insisted by counsel for appellant in an able and ingenious motion for rehearing that there is no evidence in the record showing that the ground over which plaintiff was walking at the time of his injury was part of the yards of appellant and used in furtherance of its business; and no evidence that it was necessary for plaintiff to use the same in the performance of his work. Counsel must have overlooked the testimony of the plaintiff himself, wherein he stated that it was common practice for the employés of appellant to go straight across this plot of ground in the performance of their work, and that he himself would often pass that way. He further stated that it was customary and common for himself and helpers, and other employés, to go across that yard. "There was no other way in the world of getting material to these cars without going across these plats of ground between the tracks, because the tracks were always full of cars, and we could not go up and down them, but always went across, just anywhere we could get to a car with the stuff we had to repair it with. We have always done that." He further stated that he could

not follow that path (the one that appellant contends he should have traveled) from the freight depot and make the turn with the 32-foot rod; that he stopped and looked and could not make the circuit. It was shown that said rod was long, very heavy, and difficult to carry.

Johnson, a witness who had worked at the hotel up to 1907, testified that he had seen several employés of the company go across this plot of ground connected with the hotel, such as brakemen, but it was not a frequent occurrence, and that section men cut the grass on this plot out as far as the drainway.

Robinson, an employé of the company and witness for appellant, testified that frequently he and his foreman went across that plot of ground east of the wagon road "where that drain box is situated, just working there in the car department"; that they went across that whole yard sometimes.

Gache, whose evidence was relied upon by appellant, testified that he left there in 1908, and that what he said had relation to conditions prior to that time. The accident in question occurred in 1911.

Under this evidence it was proper for the court to refuse the peremptory charge requested by appellant, and to submit the issue raised thereby for the consideration of the jury.

Appellant contends that, since the plot of ground over which appellee was walking at the time of the injury was no part of its yards, the court erred in submitting the doctrine of comparative negligence. This assumes that the evidence of Williams was untrue, which was a matter for the determination of the jury, because, if said plot had been used in the manner and to the extent as testified to by him, then it was a question of fact whether said company so acquiesced in such use as to make it a part of such yard.

[10] Whether the drainway in question was included within the lease to the hotel company was also a question of fact, and as such was properly submitted to the jury. Notwithstanding the drainway was in fact used in connection with the hotel, still, if it did not come within the terms of the lease, and the railroad company also used the plot of ground, or permitted its employés to do so for a long period of time with its knowledge or acquiescence, the same would be regarded as a part of its yards, and appellant would be responsible for failure to keep it in reasonably safe condition. There was pleading to the effect that the receiver of the company had knowledge that said plot of ground was commonly used by plaintiff and other employés in the performance of their work. There was evidence upon this issue. Hence the court did not err in charging the jury thereon. It was alleged that the plaintiff did not know of the condition of the ditch, and that the defendant did, and that it also knew that its employés were using this plot of ground for their work, and negligently

failed to cover up said ditch, or advise or notify plaintiff of its dangerous condition.

After a full consideration of appellant's motion for rehearing, we are of the opinion that the same is not well taken, and should be overruled.

Motion overruled.