## LOOK v. BAILEY.

(Court of Civil Appeals of Texas. El Paso. March 5, 1914.)

1. PARTNERSHIP (§ 218*)—TAKING CASE FROM JURY—QUANTUM OF EVIDENCE.

Where the pleading and the evidence raised the issue of a consummated partnership and there was evidence, though slight, tending to establish it, the court must submit it to the jury.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 49, 426–428; Dec. Dig. § 218.*]

2. LIMITATION OF ACTIONS (§ 49*)—ACTION BETWEEN PARTNERS—LIMITATION.

Where plaintiff advanced money to defendant in contemplation of a partnership, limitations would not apply to his action to recover it, if it was invested in the partnership, but, where no partnership was formed, it did not begin to run until after a reasonable time had elapsed in which to bring about the partnership agreement or the parties had agreed not to enter into it.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 266–272; Dec. Dig. § 49.*]

3. TRIAL (§ 194*)—PROVINCE OF JURY—INSTRUCTIONS.

A charge that the undisputed evidence showed that defendant was indebted to plaintiff after all the undisputed items were allowed and to find for plaintiff for a certain sum, invaded the province of the jury, where such evidence was not undisputed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

4. PARTNERSHIP (§ 21*)—IMPROVEMENTS UNDER AGREEMENT—LIABILITIES.

Where plaintiff advanced money to defendant in contemplation of a partnership which was not consummated, and they agreed that wells on defendant's property should be sunk at the cost of each of them, which was done and paid for by defendant, plaintiff was chargeable with one-half of the cost, less one-half of the beneficial use or improvement to defendant's property.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 6; Dec. Dig. § 21.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Thomas Bailey against George Look, with counterclaim by defendant for dissolution of the partnership and for an accounting. Judgment for plaintiff, and de-

fendant appeals. Reversed and remanded for new trial.

John L. Dyer, C. W. Croom, and A. R. Grambling, all of El Paso, for appellant. Galloway & Whitaker, of El Paso, for appellee.

HARPER, C. J. On April 22, 1913, appellee filed his first amended original petition, in lieu of his original petition filed on December 11, 1911, alleging appellant and John Moore in June, 1909, were doing business in the Republic of Mexico as partners in the stock business, and appellant was desirous of severing his connection with Moore, and appellant and appellee made an agreement that, if appellant could sever his connection with Moore, they would enter into a partnership for the purpose of engaging in the live stock business on the ranch owned by appellant in Mexico, and further alleged: That certain moneys had been turned over to appellant by appellee in furtherance of the plan to purchase said Moore's interest in the Look-Moore partnership business, to the end that a partnership might be entered into between the parties at such time, as appellant had fully severed his connections with said Moore. That appellant did not sever his connections with said Moore, and that, when it became apparent that he could not do so, appellee advised appellant that he would not enter into the proposed copartnership and demanded the return of moneys advanced.

Appellant pleaded general denial, and specially alleged: "That, at all times complained of in the plaintiff's petition, plaintiff and defendant were partners engaged in the stock business, buying, raising, and selling cattle, and that the moneys received by defendant were received for and on behalf of the partnership's business, and were expenses and used for such purpose. That said partnership has heretofore become dissolved, and, if not, then he prays for a dissolution of such partnership and that an accounting be had between the parties."

The assignments from the first to the twelfth, inclusive, charge that the trial court erred in the following charge to the jury: "You are further instructed that the pleading of the parties and the evidence introduced do not show that a partnership agreement was made and entered into by the plaintiff and defendant as alleged, and you will find for the plaintiff and against the defendant on the issues of a partnership agreement, and all the items of expense growing out of the alleged partnership agreement are eliminated from your consideration."

The reasons assigned are: (1) Because plaintiff alleged a partnership and introduced evidence to establish the allegation, it then became a question of fact for the jury to determine. (2) If the evidence showed an agreement between the parties to enter into a partnership in the future upon contingencies named, still it was within the province of the parties to waive such agreement and enter into a partnership in presenti. The pleadings and evidence having raised this issue, it became a jury question. (3) Because parties by their conduct and dealings with each other may bring themselves into partnership relations with each other so as to constitute a partnership in law, and the pleadings and evidence support this theory, and it became a question for the jury. (4) Because under the pleadings and evidence it was a question for the jury to determine whether the facts showed an executed or an executory agreement to form a partnership, and, if there was an agreement to form a partnership upon contingencies to happen, it was for the jury to determine whether the parties waived them and entered into a partnership in the meantime. And, if partnership was found to exist, the jury should have been permitted to consider items of expense. (5) Because parties are estopped to deny the existence of a partnership by their acts and conduct.

Since we have concluded that the case shall be reversed and remanded for a new trial, we refrain from quoting the evidence any further than may be necessary to pass upon the errors assigned by appellant.

The vital question to be determined is: Was there a consummated partnership agreement between the parties? If there was, then the moneys advanced merged into the business, and the prayer of defendant, Look, that the partnership be dissolved and an accounting be had between the parties is the matter to which the trial court should have directed its attention; and if, when submitted, the jury should determine that a copartnership existed, the question would be: What is plaintiff's half interest in the assets of the partnership worth? But if the moneys were advanced by the plaintiff to defendant upon condition that Moore should be disposed of as a condition precedent to a partnership, and Moore was not disposed of, and plaintiff did not waive the condition and consummate the partnership, notwithstanding Moore was not entirely eliminated, then plaintiff is entitled to recover all the moneys advanced by him, without regard to any expense Look may have incurred in securing the Moore interest in the cattle.

[1] Both the pleading and evidence raise the issue of a consummated partnership, and, where there is evidence, though slight, which has a tendency to establish an issue raised by the pleadings, the court must submit it to the jury. Mitchell v. McLaren, 51 S. W. 269; Tex. Brok. Co. v. Barkley, 49 Tex. Civ. App. 632, 109 S. W. 1001.

[2] The thirteenth assignment of error reads: "The court erred in charging the jury as follows: 'You will return a verdict in favor of plaintiff and against the defendant on defendant's plea of the statute of limitation of two years'—for the reason the evidence in this case shows that plaintiff's orig-

inal petition in this case was not filed until December 11, 1911, and the evidence further shows that there was advanced by plaintiff to defendant the sum of $5,400 about July, or the summer of 1909, and the defendant having pleaded the two-year statute of limitation, and it conclusively appearing that said sum of $5,400 had been advanced by plaintiff to defendant more than two years before the institution of this suit, to avoid said plea of limitation, it becomes the duty of plaintiff to plead matters in avoidance thereof, which he did by pleading the absence of the defendant from the state of Texas during said time, and the evidence in this case failed to show conclusively that plaintiff was so absent from the state of Texas a sufficient time to relieve the bar of the statute of limitation, and the court erred in so charging the jury, because said charge was upon the weight of the evidence, and took away from the jury the question of limitation in favor of the defendant, and took from their consideration an issuable fact in this cause, when the evidence did not show, as a matter of law, and conclusively, that the absence of the defendant had arrested the running of limitation. This assignment being contained in motion for new trial, and being set forth in section 16 thereof. * * *"

The undisputed evidence shows that the $5,400 advanced by appellee to appellant was in contemplation of their forming a partnership. If the partnership was formed, then the statute would not apply, because the amount became invested in the partnership; but, if no partnership was formed, the statute of limitation did not begin to run in favor of appellant until, under all the facts, a reasonable time had elapsed within which to bring about the partnership agreement, or until the parties had agreed between themselves that they would not enter into a partnership agreement, as contemplated at the time the money was advanced.

[3] The fourteenth and fifteenth, sixteenth, and seventeenth assignments of error charge that the court erred in the following instruction to the jury: "You are further instructed that the undisputed evidence shows that the defendant is indebted to the plaintiff, after all the undisputed items are allowed and deducted, the sum of $3,424.20, and you will therefore find for plaintiff against defendant for said sum." Because the evidence was not undisputed, therefore, said charge invaded the province of the jury.

The evidence in the record is such that if, upon another trial, it shall be determined that there was no consummated partnership between the parties, then the question of the claim as to amounts due one to the other should be submitted to the jury for determination.

[4] The eighteenth and nineteenth charge that the court erred in the following charge:

"The statute of frauds, as pleaded by the defendant, is not involved in this suit, and you will find against the defendant on said plea, because the evidence in this cause shows that the plaintiff and defendant agreed that the wells should be dug and sunk at the cost of the plaintiff and defendant, and that same was done and paid for by the defendant, and that they cost $3,000, and, even though they were erected upon the property of defendant, the plaintiff at all events should have been charged with one-half of the cost of the wells, less one-half of the beneficial use or improvement to the freehold estate, and the matter in appropriate and proper form should have been submitted to the jury, and should not have been withdrawn from their consideration, and, in so charging, the court charged upon the weight of the evidence, and took away from the consideration of the jury the right of defendant's offset against the plaintiff for the cost of the wells."

If there was no consummated partnership agreement between the parties, then the court's charge in this trial would be correct, but, if upon another trial it should be determined that a partnership agreement was consummated, then it becomes a question for the jury to determine whether the plaintiff (below) should be charged with one-half of the expense of the wells, under appropriate instruction.

For the reasons above stated, the cause is reversed and remanded for a new trial.