ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. RISTINE et al. (No. 6152.)

(Court of Civil Appeals of Texas. Austin. Feb. 11, 1920. Rehearing Denied March 17, 1920.)

1. DAMAGES ⟐169—THAT PLAINTIFF SEEKING RECOVERY FOR INJURIES WAS INMATE OF DISORDERLY HOUSE PROPERLY EXCLUDED.

In an action for personal injuries suffered by plaintiff when the automobile in which she was riding ran into an iron bar extending from a railroad car, where plaintiff asserted that because of her injuries she was unable to accompany as a nurse a patient for whom she had been caring, evidence that plaintiff was an inmate of a disorderly house, which did not contradict her statement that she was nursing a patient therein, *held* properly excluded; plaintiff seeking no damages on account of outraged feelings or sensibilities.

2. RAILROADS ⟐400(5) — NEGLIGENCE IN LEAVING CAR WITH IRON BAR EXTENDING INTO STREET QUESTION FOR JURY.

In an action for injuries to plaintiff when the automobile in which she was riding struck an open door and an iron bar extending out from a railroad car on the tracks in a street, the question whether the railroad company was negligent in allowing the car to remain in that

condition after unloading it *held*, under the evidence, for the jury.

**3. DAMAGES ☞221—SPECIAL ISSUE HELD NOT TO PERMIT CONSIDERATION OF FUTURE LOSS NOT RESULTING FROM ACCIDENT.**

In personal injury action, a special question to jury' as to what sum would compensate plaintiff for damages sustained on account of the injuries, which allowed the jury to take into consideration, in case they should believe the injuries permanent, any loss of time or incapacity or any pain or suffering she might sustain in the future, is not objectionable as allowing the jury to consider such elements of damage without regard to whether they would result from the injuries suffered.

**4. APPEAL AND ERROR ☞742(5)—ASSIGNMENT SUBMITTED AS PROPOSITION NOT POINTING OUT SPECIFIC OBJECTION TO CHARGE CANNOT BE CONSIDERED.**

Where an assignment submitted as a proposition did not state the objection to the charge, nor did any statement thereunder point out specific objection, the assignment cannot be considered.

**5. RAILROADS ☞364—INSTRUCTIONS ON DUTY TO PREVENT CAR INJURING TRAVELERS ON STREET APPROVED.**

Where the automobile in which plaintiff was riding struck an iron bar extending from the side of a railroad car, the door of which had been left open after the car was unloaded, an instruction that it was the duty of railroad company to exercise ordinary care to prevent the car, or any portion thereof, from injuring pedestrians or persons riding in the street adjacent to the tracks, was correct.

Appeal from District Court, McLennan County.

Action by Willie Ristine and husband, C. T. Ristine, against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and S. P. Ross, of Waco, for appellant.

Alva Bryan, J. A. Kibler, and Tom. M. Hamilton, all of Waco, for appellees.

BRADY, J. Appellee Willie Ristine, joined by her husband, C. T. Ristine, sued appellant for damages for personal injuries alleged to have resulted from the negligence of appellant. Briefly stated, the alleged negligence consisted in appellant's having placed a refrigerator car on its tracks in one of the public streets of Waco, and in leaving the door of such car open, or permitting it to be left open, at right angles to the car; the door having an iron bar or cleat, which extended out from the car a distance of about six feet. Appellee was riding in an automobile, driven by another person, along such street, at night, and it was alleged that the driver drove the automobile into and against the door and iron bar without knowledge of such obstruction, and that the impact greatly damaged the auto and caused serious personal injuries to appellee.

The railway company pleaded several special defenses, which are indicated by the special issues submitted to the jury, and which will be hereinafter stated. Upon the verdict of the jury, the court entered judgment for appellee for the sum of $750.

The special findings of the jury are substantially to this effect: That the railway company left the door of the car open, or permitted it to be left and to remain open, at the time and place of the accident, and that such conduct was negligence and proximately caused the injuries; that appellee was not intoxicated at the time and place of the accident; that the speed at which the automobile was being driven on the occasion in question was 10 miles per hour; that the rate of speed of the car did not proximately contribute to the injuries, nor did appellee voluntarily remain in the car without warning the operator of the danger from the speed of the car; that appellee suffered damages on account of her injuries in the sum of $750.

Opinion.

[1] The first assignment of error complains of the action of the trial court in excluding certain testimony of the witness Newton Humphries, offered by appellant and objected to by appellee. The excluded testimony was to the effect that witness, who was a deputy sheriff of Washington county, at Brenham, Tex., at the instance of appellant, met appellee, who was then Willie Bobo, at the house or place of Jennie Morris, which was a house of ill repute, and that appellee was an inmate of such place, and as such received the visits of men. This testimony was offered after appellee had testified that she had, previous to her injuries, prepared herself for the work of a nurse, and that at the time she was injured she was on her way to Marlin, Tex., to nurse a patient, and shortly thereafter, while at Jennie Morris' house, in the town of Brenham, Tex., she acted as nurse for a sick lady for the period of two weeks, for which she earned and received the sum of $25 per week; that the lady for whom she was nursing was removed to Houston, and desired her to continue as her nurse, but on account of appellee's physical condition, resulting from such injuries, she was unable to accompany the patient, and returned home; and she having further testified that her name was Willie Coble, and then Willie Bobo, and now Willie Ristine.

The bill of exception does not show upon what ground plaintiff objected to this testimony, nor what objection was sustained. We are therefore unable to determine that

there was any error in excluding the testimony. Furthermore, this witness was allowed to testify, and did testify, to facts substantially the same as embraced in the testimony offered and excluded. We have examined his testimony in full in the statement of facts, and find that this witness described his visit to Jennie Morris' house on December 3, 1916, and his having danced with appellee, and her ·actions and conduct on that occasion, and that of other persons in the house, sufficiently to indicate the point here sought to be made. Moreover, the testimony, if admitted, would not have contradicted appellee's testimony that she had acted as nurse at such place, and that she did not continue in that capacity because of her physical condition. This was the only material issue upon which the testimony bore, and we agree with appellee that it was irrelevant and immaterial, if true, that she went by the name of Dolly Smith at Jennie Morris' house, and that such place was a house of ill repute, and that she received men there.

This was not a case in which the injured party claimed any damages for shame or humiliation. Her action for damages was based entirely upon physical injuries and sufferings, and such mental anguish as resulted from physical injuries. There were no damages sought for outraged feelings or sensibilities, in which cases it has been held error to exclude testimony of this character, and in which such testimony is peculiarly admissible and material.

For the reasons above indicated, we overrule the first assignment.

[2] The second to the sixth assignments, inclusive, are grouped, and are to the effect that the court should have given a peremptory instruction for appellant, and that it was error to submit the issue of negligence to the jury at all, because the undisputed evidence showed that the refrigerator car was delivered by the railway company to the compress company with its door closed, locked, and sealed; that the door was opened by the employés of the compress company, and there was no evidence that any of appellant's employés had anything to do with it; and it was not shown that the condition of the door was known to the railway company, or that it had any opportunity to learn of such condition prior to the accident. In other words, it is claimed that there was no evidence whatever to authorize the submission of the issue of negligence.

The undisputed evidence shows that the refrigerator car, at the time of the accident, was on the track of appellant, and had been placed there by its employés. It is also uncontroverted that the purpose of placing the car at the particular location was to unload the cotton at the compress platform. It was spotted in the forenoon of the day of the accident, and the work of unloading was completed early in the afternoon. The car was not reloaded, and went out of Waco empty. Thus it appears that the car remained on the track, after the unloading was completed, the greater part of the afternoon, and for several hours at night before the accident. According to testimony introduced by appellant, the work of unloading was supervised by an employé of the compress company.· During the unloading, however, the number of bales and the condition of the cotton was inspected by Mr. Karels, who was interchange clerk for appellant at the time of the trial, but was an inspector for the Western Weighing & Inspection Company at the time of the· accident. He made his records for the latter company, but these records were used to assist the railway company in case claims for damages were presented. No explanation was offered by the railway company for the leaving open of the door, which was claimed to have caused the accident, nor for not having sooner removed the car from the scene. Its own testimony was to the effect that the employés of the compress company closed the door, under the instruction of the person who was supervising the unloading. We think the jury were entitled to infer from all the evidence that the railway company was negligent in leaving the door of the car open, or in permitting it to be left open, during the long interval between the unloading of its contents and the time of the collision, and the issue was properly presented to them.

The assignments under discussion are believed to be without merit, and· they are each overruled.

[3] Appellant's seventh assignment of error complains of the submission of question No. 12 to the jury, which question was as follows:

"Question 12. State what sum, if paid now, will reasonably compensate plaintiff for the damages which she has sustained on account of her injuries, and in arriving at your estimate of such damages you may take into consideration the nature and extent of the injuries she has sustained, if any, as shown by the evidence, and any pain or suffering or mental anguish, if any, she has undergone in the past on account of said injuries. And if you believe from the evidence that such injuries are of a permanent nature, you may also take into consideration any loss of time or incapacity to labor, if any, or any pain or suffering, if any, you may believe from the evidence she may sustain or suffer in the future."

The specific points are that under this question the jury were authorized to take into consideration any loss of time or incapacity and any pain or suffering which they might believe from the evidence appellee might sustain or suffer in the future, without regard to whether or not same resulted from the injuries received by plaintiff for which she was suing; and, further, because

it authorized the jury to consider permanent injuries, whereas there was no evidence in the record to sustain such a finding.

We regard the first point as hypercritical, as the jury could not have been misled so as to allow damages for injuries not the result of the accident in question. As framed, the question, in connection with the remainder of the charge, clearly restricted damages to the injuries in question, but, in any event, could not have misled or confused the jury.

As to the second point, the evidence affords ample support for the award of damages for permanent injuries. It may be observed, however, that the size of the verdict renders it extremely improbable that the jury gave any damages for permanent injuries. The evidence was ample to support a verdict of this size, even for the injuries sustained up to the date of the trial. No attack is made upon the verdict for excessiveness. For these reasons, the seventh assignment is overruled.

[4, 5] The remaining assignment is a complaint at the trial court's action in giving the special charge requested by appellee, which was as follows:

"Gentlemen of the jury, after the car in question was unloaded in the manner as shown by the evidence, you are instructed as a matter of law that then it became and was thereafter the duty of the defendant company and its agents, servants, and employés to exercise ordinary care to prevent said car or any portion thereof from injuring the plaintiff or any pedestrian or vehicle while using that portion of Peach street adjacent thereto as a highway, and the failure to exercise such care on the part of the defendant or any of its servants, agents, or employés would be negligence."

This assignment, submitted as a proposition, does not state the objection made to such charge, nor does the statement thereunder point out the specific objection, if any was made. Therefore we do not think the assignment should be considered; but, if it should be, we think it is without merit, and the charge was a proper exposition of the law explanatory of this issue.

The record, as to the errors assigned, shows no reversible error, and the judgment of the trial court will be affirmed.

Affirmed.