## NUSSBAUM et al. v. ANTHONY.

### No. 5895.

Court of Civil Appeals of Texas. Amarillo.

Sept. 27, 1948.

Rehearing Denied Nov. 13, 1948.

Simpson, Clayton & Fullingim, all of Amarillo (Selden Simpson and Joe Harlan, both of Amarillo, of Counsel), and Gibson, Ochsner & Little, all of Amarillo, for appellants.

Adkins, Pipkin, Madden & Adkins, of Amarillo, and J. O. Fitzjarrald, of Memphis, for appellee.

STOKES, Justice.

This is a suit for damages for personal injuries. It was instituted by the appellee, Janice Anthony, against the appellants, Martin P. and George F. Nussbaum, composing a partnership operating under the trade name of Amarillo Bus Company. The record reveals that, in the late afternoon of October 31, 1946, appellee was walking north on the sidewalk adjoining the east side of Polk Street in Amarillo, and that one of appellants' busses was proceeding in the same direction on the east side of the same street. Third Avenue crosses Polk Street at right angles and appellee and the bus reached Third Avenue about the same time. Both of them stopped at Third Avenue to await the change of the electric traffic signal in the center of the intersection from red to green. When the signal changed to green, thus giving them the right to proceed, appellee started across Third Avenue and the bus following its usual route, turned east from Polk Street into Third Avenue. Appellee alleged that when she was about four feet north from the south curb on Third Avenue, the driver of the bus negligently ran into and against her and that the impact resulted in serious bodily injury.

Appellant answered by a general denial and alleged contributory negligence on the part of appellee to the effect that she attempted to cross Third Avenue while the signal light was amber and before the green

light appeared. They alleged that she failed to keep a proper lookout for the approach of the bus and that she was guilty of contributory negligence in attempting to cross Third Avenue in the manner in which she was proceeding at the time, taking into consideration all of the facts and circumstances surrounding the manner in which she was attempting to do so. They further alleged that the striking of appellee by the bus and the resulting injury to her were the result of an unavoidable accident.

The case was submitted to a jury upon special issues, in answer to which the jury found that, in making the turn at the street intersection, the driver of the bus failed to keep such a proper lookout for persons who might be walking north across Third Avenue as would have been kept by a person of ordinary prudence under the same or similar circumstances, and that the driver failed to give to persons walking across Third Avenue any warning or signal of his approach. It found that the failure of the bus driver to keep a proper lookout and his failure to sound a warning each was negligence and a proximate cause of the impact between appellee and the bus. On the question of contributory negligence the jury found that appellee did not fail to keep a proper lookout for the approach of vehicles on Polk Street turning to the right into Third Avenue and it found that $7500 would fairly and reasonably compensate her for the injuries received by her. The elements of damage specified by the court in the special issue on the measure of damages were diminished capacity to work and earn money in the past and future, if any, and the pain and suffering she had endured in the past and would endure in the future, if any, proximately resulting from the injuries, if any, sustained by her on the occasion in question.

The court entered judgment in favor of the appellee for the sum of $7500, in accordance with the finding of the jury and, appellants' motion for a new trial being overruled, they perfected an appeal and present the case for review by this court upon four assignments of error. They contend, first, that the court erred in refusing to submit to the jury their requested special issue in which the jury would have

been required to find whether or not appellee walked into the bus being driven by appellants' driver; secondly, in refusing to submit to the jury their requested special issue in which the jury would have been required to find whether the collision between the bus and the appellee was not the result of an unavoidable accident, thirdly, that the court erred in submitting special issue number five, pertaining to the measure of appellee's damages, and fourthly that the judgment rendered against them is excessive.

██ The claim that appellee walked into the bus amounted only to an assertion that the collision was the result of contributory negligence on her part. This identical question was before the Court of Civil Appeals of the Second District in the case of Yanowski v. Fort Worth Transit Co., 204 S.W.2d 1001, and Chief Justice McDonald expressed the conclusion of the court in such clear and convincing language that we deem a further discussion of it unnecessary. In that case the jury found that Yanowski stepped into the side of the bus as it turned from Houston Street into Tenth Street and the court observed that the finding was no more, in effect, than a finding that the side of the bus was the point of contact; that the issue was an evidentiary one and not an ultimate issue constituting one of the elements of an independent ground of defense. We agree with that holding and appellants' first contention will be overruled.

██ Appellants next contend that the court erred in declining to submit to the jury their requested special issue upon the question of unavoidable accident. In the many opinions written upon that question by the courts of this state some confusion has arisen from time to time as to what constitutes an unavoidable accident and the circumstances and conditions, as revealed by the testimony, under which it should, or should not, be submitted to the jury. In the case of Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, the Supreme Court recognized the confusion among the authorities and, with the six commissioners, held a full conference and free discussion of the question which resulted in the unanimous de-

cision and conclusion that, if the evidence does not raise an issue that something other than the negligence of one of the parties caused the injury, then it does not raise the issue of unavoidable accident. See also Airline Motor Coaches, Inc. v. Fields, 140 Tex. 221, 166 S.W.2d 917; Good v. Born, Tex.Civ.App., 197 S.W.2d 589. The testimony in this case does not reveal any circumstance, condition or event which existed or occurred at the scene of the accident other than the acts of negligence charged by each party against the other. The question of unavoidable accident was, therefore, not in the case, and the court did not err in declining to submit the requested special issue concerning it. Appellants insist that this case presents virtually the same conditions as were shown in the case of El Paso Electric Co. v. Hedrick, Tex.Com.App., 60 S.W.2d 761, in which the Supreme Court reversed the lower courts because of the refusal of the trial court to submit to the jury the issue of unavoidable accident. We find nothing in that case which deviates from the holdings in the cases we have cited. It involved a collision between a street car and a motor cycle. It was shown that an automobile, belonging to, and being operated by someone who was not connected with the accident, was proceeding toward the street car and in the same direction as was the motor cycle; that the motor cycle was immediately behind the automobile and that the automobile prevented the driver of the street car from seeing the motor cycle and prevented the driver of the motor cycle from seeing the street car. Neither driver knew of the presence of the other vehicle. Immediately before the collision, the driver of the automobile turned down another street and suddenly exposed the street car to the view of the driver of the motor cycle and the motor cycle to the view of the driver of the street car. There was evidence which would have warranted the conclusion that the two vehicles were at that time so near each other that neither of the drivers could possibly have avoided the accident. By this testimony the issue was raised as to whether or not something other than the negligence of either of the drivers, namely, the automobile, caused the accident and the court held that the issue of

unavoidable accident should have been submitted to the jury.

The next contention made by appellants is that the court erred in submitting the special issue on the measure of damages. They assert it was erroneous because it did not limit the recovery to damages and injuries sustained by the appellee to those proximately caused by the negligence of the appellants. The special issue submitted by the court was as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff, Janice Anthony, for her diminished capacity, if any, to work and earn money in the past and in the future, if you find there will be any diminished capacity in the future, and for her pain and suffering, if any, in the past, and in the future, if you find there will be any pain and suffering in the future, proximately resulting from the personal injuries, if any, sustained by her on the occasion in question?"

It will be noted that two elements of damage were included in the special issue, namely, (a) diminished capacity to work and earn money in the past and in the future and (b) pain and suffering in the past and in the future. The first element is not specifically limited to such incapacity as proximately resulted from the personal injuries sustained by appellee on the occasion in question. The second element is the only one to which such specific limitation is attached but we think it clearly applied to both elements of damage and that the limitation to injuries sustained by her "on the occasion in question" limited the jury in its finding to the injuries sustained by her as a result of the accident as fully and accurately as it would have if the term "negligence of the defendant" had been employed. There is no intimation in the testimony nor any claim made by appellants that appellee had theretofore suffered any injury or malady that incapacitated her in any particular, nor that she had suffered any impairment by reason of anything that happened subsequent to the collision. This court has held that, under such conditions, it is not necessary specifically to limit each

element of the damages to the negligence of the defendant but that the entire charge of the court and the conditions revealed by the testimony should be considered. We think the special issue, as framed and presented by the court, is subject to no other reasonable interpretation than that the limitation expressed in it applied to each element of damage the jury was permitted to consider. We do not believe the jury could have been mislead by it and appellants' third contention will therefore be overruled. St. Louis Southwestern R. Co. of Texas v. Ristine, Tex.Civ.App., 219 S. W. 515; Clowe & Cowan, Inc. v. Morgan, Tex.Civ.App., 153 S.W.2d 863.

The next and last contention urged by appellants is that the judgment is excessive; that the inordinate amount found as damages shows that the jury was actuated by passion and prejudice. They contend, therefore, that the case should either be reversed and remanded or a substantial remittitur required. We cannot accede to this contention. The evidence showed that appellee was confined to a hospital more than three weeks; that the bones in her foot were broken; that for several weeks following her injury she had to have sedatives three or four times a week in order to sleep; that she had to lie flat of her back practically the entire time she was confined to the hospital; that for some forty days after she left the hospital she was unable to move about and had to be lifted and carried by others; that she had to use crutches for more than three months after she was able to stand on her feet; that she had not entirely recovered her ability to walk without difficulty when the case was tried and that during all that time she suffered pain. It was further shown that she was employed in the offices of a Railway Company and that she lost $1,630 in salary during the period of her incapacity to work. Other than the amount of damages assessed by the jury, there is nothing in the evidence to show, or even to suggest, that the jury was actuated by prejudice or passion and, under the conditions revealed by the testimony, we cannot say the amount assessed was so great and out of proportion as to suggest their presence in the minds of the jurors. It is well set-

tled that the matter of assessing damages in cases of this kind is within the discretion of the jury and, unless the amount assessed is obviously excessive or it is shown by positive testimony or by some act or circumstance that the jury was actuated by passion or prejudice, the appellate court will not disapprove its verdict and assessment of damages. Citizens' R. Co. v. Griffin, 49 Tex.Civ.App. 569, 109 S. W. 999; Office Equipment Co. v. Smerke, Tex.Civ.App., 136 S.W.2d 972.

We have carefully considered all of the assignments of error and contentions urged by appellants and in our opinion, no reversible error is revealed. The judgment of the court below will therefore be affirmed.